UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA<br>For the Use and Benefit of<br>CMH MANFACTURING, INC, d/b/a<br>CLAYTON HOMES<br><br>Plaintiff<br><br>THE WARRIOR GROUP, INC., HENSEL<br>PHELPS CONSTRUCTION CO. and<br>TRAVELERS CASUALTY AND SURETY<br>COMPANY OF AMERICA<br><br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. #5:12-CV-00195 |

### DEFENDANT HENSEL PHELPS CONSTRUCTION CO.'S
### ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendant Hensel Phelps Construction Co. ("Hensel Phelps") and, pursuant to F.R.C.P. 12, files this its Answer to Plaintiff's Complaint, and in support thereof would show this Court as follows:

### ANSWER

1. Hensel Phelps admits that by virtue of the pleaded claims in the Complaint, Plaintiff purports to seek damages and recover costs and expenses as alleged. Except as expressly admitted herein, Hensel Phelps denies the rest and remainder of Paragraph 1.

2. Hensel Phelps asserts that Paragraph 2 of the Complaint does not relate to any Defendant and therefore no answer is required.

3. Upon information and belief, Hensel Phelps admits the allegations of Paragraph 3.

4. Hensel Phelps admits the allegations of Paragraph 4.

5. Upon information and belief, Hensel Phelps admits the allegations of Paragraph 5.

6. Paragraph 6 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required.

7. Paragraph 7 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required.

8. Paragraph 8 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required.

## COUNT I

9. Hensel Phelps admits that it entered into certain contracts with the United States of America for work to be performed on the Ft. Sam and Ft. Bliss Projects and asserts that these contracts are in writing and speak for themselves. To the extent the allegations in Paragraph 9 are inconsistent with the rights, duties, and responsibilities under these contracts, such allegations are denied.

10. Hensel Phelps admits that it entered into certain contracts with The Warrior Group, Inc. ("Warrior") for work to be performed on the Ft. Sam and Ft. Bliss Projects and asserts that these contracts are in writing and speak for themselves. To the extent the allegations in Paragraph 10 are inconsistent with the rights, duties, and responsibilities under these contracts, such allegations are denied.

11. Upon information and belief, Hensel Phelps admits that Warrior entered into certain contracts with Plaintiff for work to be performed on the Ft. Sam and Ft. Bliss Projects and asserts that these contracts are in writing and speak for themselves. To the extent the allegations in Paragraph 11 are inconsistent with the rights, duties, and responsibilities under these contracts, such allegations are denied.

12. Upon information and belief, Hensel Phelps denies the allegations of Paragraph 12.

13. Upon information and belief, Hensel Phelps denies the allegations of Paragraph 13.

14. Upon information and belief, Hensel Phelps denies the allegations of Paragraph 14.

15. Hensel Phelps lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies them.

16. Upon information and belief, Hensel Phelps denies the allegations of Paragraph 16.

17. Hensel Phelps lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies them.  Hensel Phelps also denies that Plaintiff is entitled to any of the relief requested.

## COUNT II

18. In answer to Paragraph 18, Hensel Phelps incorporates and re-alleges its specific answers to all preceding Paragraphs, as if set forth herein.

19. Upon information and belief, Hensel Phelps admits the allegations of Paragraph 19 to the extent that the work performed by Plaintiff was performed under its agreements with Warrior and asserts that such agreements are in writing and speak for themselves.  To the extent the allegations in Paragraph 19 are inconsistent with the rights, duties, and responsibilities under these agreements, such allegations are denied.

20. Upon information and belief, Hensel Phelps denies the allegations of Paragraph 20.

## COUNT III

21. In answer to Paragraph 21, Hensel Phelps incorporates and re-alleges its specific answers to all preceding Paragraphs, as if set forth herein.

22. Hensel Phelps admits the allegations of Paragraph 22 to the extent it furnished payment bonds to the United States of America as principal, with Travelers Casualty and Surety

Company of America as surety, pursuant to *40 U.S.C. §§ 3131, et. seq.*  Hensel Phelps otherwise denies the allegations of Paragraph 22.

23.    Hensel Phelps denies the allegations of Paragraph 23.

24.    Hensel Phelps admits that it has refused to pay the claimed amount, but denies the remaining allegations of Paragraph 24.

25.    Hensel Phelps denies the allegations of Paragraph 25.

26.    Hensel Phelps admits the allegations of Paragraph 26.

Hensel Phelps denies that the Plaintiff is entitled to any of the relief requested in its Prayer.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's complaint fails to state a claim against Hensel Phelps upon which relief can be granted.

2.    Hensel Phelps, upon information and belief, asserts that Plaintiff's claims under Count I and Count II are barred by the doctrine of estoppel because Plaintiff has not fully complied with the arbitration provisions of its contracts with Warrior.

3.    Hensel Phelps, upon information and belief, asserts that Plaintiff's claims are barred by the doctrine of payment because Warrior has paid Plaintiff all sums justly due to Plaintiff in accordance with the written contract documents.

4.    Hensel Phelps asserts that Plaintiff's claims under Count I and Count II are barred because the claims asserted are subject to mandatory, binding arbitration, and Plaintiff has failed to comply with this arbitration requirement.

5.    Plaintiff is a remote claimant and has failed to comply with the statutory notice requirements necessary for maintaining a cause of action under the Miller Act.  Per *40 U.S.C. § 3133(b)(2)*, Plaintiff was required to provide written notice of its claim within 90 days from the

date on which Plaintiff performed the last labor or supplied the last material for which its claim is made. Plaintiff's first written notice, dated September 23, 2011, was untimely as to portions of its claim.

6. Hensel Phelps adopts and incorporates into this Answer as its own, all defenses asserted by Warrior in Warrior's Answer, and any subsequent amendments as if set forth entirely herein.

7. Hensel Phelps reserves the right to plead additional affirmative defenses that may become apparent as a result of the discovery process.

## PRAYER

WHEREFORE, Defendant Hensel Phelps Construction Co. prays for judgment or relief against the Plaintiff as follows:

1. That the claims against Hensel Phelps be dismissed with prejudice and that the Plaintiff take nothing;

2. That Hensel Phelps be awarded its attorneys' fees, costs and disbursements incurred in defending this matter; and

3. Such other and further relief, including declaratory, equitable relief and damages as the Court deems just and proper.

DATED this 2nd day of April 2012.

Respectfully submitted,

/s/ Anthony D. Whitley
Bar No. 24043990
adwhitley@fordnassen.com
FORD NASSEN & BALDWIN P.C.
One Riverway Suite 2070
Houston, TX 77056
Telephone: (713) 461-3324
Facsimile: (713) 961-3555

                    ATTORNEYS FOR DEFENDANTS
                    THE WARRIOR GROUP, INC., HENSEL
                    PHELPS CONSTRUCTION CO. and
                    TRAVELERS CASUALTY AND SURETY
                    COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by facsimile transmission on the 2nd day of April 2012 on all counsel or parties of record listed below.

Thomas J. Walthall Jr.
GARDNER LAW
745 E. Mulberry Suite 500
San Antonio, TX 78212-3149
(210) 733-5538

                                    /s/ Anthony D. Whitley