## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA** | § | |
| **For the Use and Benefit of** | § | |
| **CMH MANFACTURING, INC, d/b/a** | § | |
| **CLAYTON HOMES** | § | |
| | § | |
| **Plaintiff** | § | **C.A. #5:12-CV-00195** |
| | § | |
| **THE WARRIOR GROUP, INC., HENSEL** | § | |
| **PHELPS CONSTRUCTION CO. and** | § | |
| **TRAVELERS CASUALTY AND SURETY** | § | |
| **COMPANY OF AMERICA** | § | |
| | § | |
| **Defendants** | § | |

### DEFENDANT THE WARRIOR GROUP, INC.'S
### ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendant The Warrior Group, Inc., ("Warrior") and, pursuant to F.R.C.P. 12, files this its Answer to Plaintiff's Complaint, and in support thereof would show this Court as follows:

### ANSWER

1. Warrior admits that, by virtue of the pleaded claims in the Complaint, Plaintiff purports to seek damages and recover costs and expenses as alleged. Except as expressly admitted herein, Warrior denies the rest and remainder of Paragraph 1.

2. Warrior asserts that Paragraph 2 of the Complaint does not relate to any Defendant and therefore no answer is required.

3. Warrior admits the allegations of Paragraph 3.

4. Upon information and belief, Warrior admits the allegations of Paragraph 4.

5. Upon information and belief, Warrior admits the allegations of Paragraph 5.

6.      Paragraph 6 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required.

7.      Paragraph 7 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required.

8.      Subject to Warrior's affirmative defense that the contract between Warrior and Plaintiff requires the parties to arbitrate their disputes (specifically those made the subject of Count 1 and Count 2), Paragraph 8 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required.

## COUNT I

9.      Upon information and belief, Warrior admits that the United States of America entered into certain contracts with Hensel Phelps Construction Co. ("Hensel Phelps") for work to be performed on the Ft. Sam and Ft. Bliss Projects and asserts that these contracts are in writing and speak for themselves.  To the extent the allegations in Paragraph 9 are inconsistent with the rights, duties, and responsibilities under these contracts, such allegations are denied.

10.     Warrior admits that it entered into certain contracts with Hensel Phelps for work to be performed on the Ft. Sam and Ft. Bliss Projects and asserts that these contracts are in writing and speak for themselves.  To the extent the allegations in Paragraph 10 are inconsistent with the rights, duties, and responsibilities under these contracts, such allegations are denied.

11.     Warrior admits that it entered into certain contracts with Plaintiff for work to be performed on the Ft. Sam and Ft. Bliss Projects and asserts that these contracts are in writing and speak for themselves.  To the extent the allegations in Paragraph 11 are inconsistent with the rights, duties, and responsibilities under these contracts, such allegations are denied.

12.    Warrior denies the allegations in Paragraph 12.

13.    Warrior denies the allegations of Paragraph 13.

14.    Warrior denies the allegations of Paragraph 14.

15.    Warrior denies the allegations of Paragraph 15.

16.    Warrior denies the allegations of Paragraph 16.

17.    Warrior admits Plaintiff demanded payment from Warrior and that more than thirty (30) days have elapsed since the demand was made, but denies the remaining allegations of Paragraph 17.  Warrior also denies that Plaintiff is entitled to any of the relief requested.

## COUNT II

18.    In answer to Paragraph 18, Warrior incorporates and re-alleges its specific answers to all preceding Paragraphs, as if set forth herein.

19.    Warrior admits the allegations of Paragraph 19 to the extent that the work performed by Plaintiff was performed under its agreements with Warrior and asserts that such agreements are in writing and speak for themselves.   To the extent the allegations in Paragraph 19 are inconsistent with the rights, duties, and responsibilities under these agreements, such allegations are denied.

20.    Warrior denies the allegations of Paragraph 20.

## COUNT III

21.    In answer to Paragraph 21, Warrior incorporates and re-alleges its specific answers to all preceding Paragraphs, as if set forth herein.

22.    The allegations in Paragraph 22 are not directed at Warrior.  To the extent a response is required, Warrior admits upon information and belief the allegations of Paragraph 22, to the extent that Hensel Phelps, as principal, and Travelers Casualty and Surety Company of

America, as surety, furnished payment bonds to the United States of America pursuant to *40 U.S.C. §§ 3131, et. seq*.  Warrior otherwise denies the allegations of Paragraph 22.

23.     Warrior denies the allegations of Paragraph 23.

24.     The allegations in Paragraph 24 are not directed at Warrior.  To the extent a response is required, Warrior admits that neither Travelers nor Hensel Phelps have paid the claimed amount but denies the remaining allegations in that Paragraph.

25.     Warrior denies the allegations of Paragraph 25.

26.     Warrior admits the allegations of Paragraph 26.

Warrior denies that the Plaintiff is entitled to any of the relief requested in its Prayer.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's complaint fails to state a claim against Warrior upon which relief can be granted.

2.     Warrior asserts that Plaintiff's claims under Count I and Count II are barred by the doctrine of estoppel because Plaintiff has not fully complied with the arbitration provisions of its contracts with Warrior.

3.     Warrior asserts that Plaintiff's claims are barred by the doctrine of payment because Warrior has paid Plaintiff all sums justly due to Plaintiff in accordance with the written contract documents.

4.     Warrior asserts that Plaintiff's claims under Count I and Count II are barred because the claims asserted are subject to mandatory, binding arbitration, and Plaintiff has failed to comply with this arbitration requirement.

5.     Plaintiff's alleged damages are offset (under the terms of its contracts with Warrior) by the damages for which Plaintiff is liable to Warrior in connection with Plaintiff's project performance and failure to meet its duties and obligations under its contracts with Warrior.

6.     Plaintiff is a remote claimant and has failed to comply with the statutory notice requirements necessary for maintaining a cause of action under the Miller Act.  Per *40 U.S.C. § 3133(b)(2)*, Plaintiff was required to provide written notice of its claim within 90 days from the date on which Plaintiff performed the last labor or supplied the last material for which its claim is made.  Plaintiff's first written notice, dated September 23, 2011, was untimely as to portions of its claim.

7.     Warrior asserts the defense of laches in response to Plaintiff's claim based on quantum meruit.

8.     Warrior asserts that a valid, express contract covers the subject matter of Plaintiff's claims such that no recovery under a quantum meruit theory is available to Plaintiff as a matter of law.

9.     Warrior asserts the defense of prior material breach by Plaintiff of the contracts at issue (and warranty agreements between Warrior and Plaintiff).  Therefore, Warrior was excused of further performance.

10.    Warrior pleads that it is not in breach of the contracts at issue.

11.    Warrior pleads the defense that Plaintiff failed to meet all conditions precedent to bringing its causes of action in its Complaint.

12.    Warrior reserves the right to plead additional affirmative defenses that may become apparent as a result of the discovery process.

## PRAYER

WHEREFORE, Defendant The Warrior Group, Inc., prays for judgment or relief against the Plaintiff as follows:

1.     That the claims against Warrior be dismissed with prejudice and that the Plaintiff take nothing;

2.     That Warrior be awarded its attorneys' fees, costs and disbursements incurred in defending this matter; and

3.     Such other and further relief, including declaratory, equitable relief and damages as the Court deems just and proper.

DATED this 2nd day of April 2012.

Respectfully submitted,


/s/ Anthony D. Whitley
Bar No. 24043990
adwhitley@fordnassen.com
FORD NASSEN & BALDWIN P.C.
One Riverway Suite 2070
Houston, TX 77056
Telephone:  (713) 461-3324
Facsimile:  (713) 961-3555
ATTORNEYS FOR DEFENDANTS
THE WARRIOR GROUP, INC., HENSEL
PHELPS CONSTRUCTION CO. and
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by facsimile transmission on the 2nd day of April 2012 on all counsel or parties of record listed below.

Thomas J. Walthall Jr.
GARDNER LAW
745 E. Mulberry Suites 500
San Antonio, TX 78212-3149
(210) 733-5538

_____ /s/ Anthony D. Whitley_____