UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA<br>For the Use and Benefit of<br>CMH MANUFACTURING, INC, d/b/a<br>CLAYTON HOMES | § § § § § | |
| Plaintiff | § | C.A. #5:12-CV-00195 |
| | § | |
| THE WARRIOR GROUP, INC., HENSEL<br>PHELPS CONSTRUCTION CO. and<br>TRAVELERS CASUALTY AND SURETY<br>COMPANY OF AMERICA | § § § § § | |
| Defendants | § | |

**DEFENDANTS' OPPOSED MOTION TO COMPEL
ARBITRATION & STAY LAWSUIT PENDING ARBITRATION**

COME NOW the Defendants, The Warrior Group, Inc. ("Warrior"), Hensel Phelps Construction Co. ("Hensel Phelps"), and Travelers Casualty and Surety Company of America ("Travelers") and ask the Court to compel CMH Manufacturing, Inc., d/b/a Clayton Homes ("CMH") to arbitrate certain causes of action in its Complaint and to stay the entire lawsuit until the conclusion of the arbitration proceeding.

**INTRODUCTION**

1. Plaintiff is CMH. Defendants are Warrior, Hensel Phelps and Travelers.

2. CMH sued Warrior for breach of contract and, alternatively, quantum meruit. CMH sued Hensel Phelps and Travelers for payment under *40 U.S.C. §§ 3131, et seq.*, also known as the Miller Act.

3. Defendants ask the Court to compel CMH to arbitrate CMH's breach of contract and quantum meruit claims against Warrior. Counsel for Defendants has discussed a joint agreement on this order with counsel for CMH but was unable to reach an agreement.

## MOTION TO COMPEL ARBITRATION

4. In 2006, the United States Army Corps of Engineers ("Army") entered into a Multiple Award Task Order Contract with Hensel Phelps Construction Co. ("Hensel") for the modular construction of barracks at Fort Bliss (the "Fort Bliss Project") in El Paso. Hensel Phelps constructed the Fort Bliss Project pursuant to four task orders under its contract with the Army. Hensel Phelps hired Warrior to supply and install the modular barracks buildings. Warrior, in turn, hired CMH to manufacture and supply the buildings under Task Orders 3 and 4 on the Fort Bliss Project. Warrior and CMH entered into two respective purchase agreements ("Purchase Agreements") for the buildings.

5. In 2007, the Army entered into another Multiple Award Task Order Contract with Hensel Phelps for the modular construction of barracks at Fort Sam Houston in San Antonio (the "Fort Sam Houston Project"). Hensel Phelps constructed the Fort Sam Houston Project pursuant to four task orders under its contract with the Army. Hensel Phelps hired Warrior to supply and install the modular barracks buildings. Warrior, in turn, hired CMH to manufacture and supply the buildings under Task Orders 1, 2, 3 and 4 on the Fort Sam Houston Project. Warrior and CMH entered into four additional Purchase Agreements for the buildings on the Fort Sam Houston Project.

6. A dispute arose between Warrior and CMH on the Fort Bliss Project. Warrior claimed that CMH was responsible for $1,637,616 in damages to the buildings. CMH denied responsibility and refused to pay Warrior the damages. Warrior repaired the damages at its own

expense. Warrior then asserted a contractual right under its Purchase Agreements with CMH to offset Warrior's damages against funds that Warrior had yet to pay CMH on the Fort Sam Houston Project. Warrior eventually withheld $1,318,360 from CMH on the Fort Sam Houston Project, reducing Warrior's out of pocket expenses and damages related to the damages on the Fort Bliss Project to $319,256.

7. CMH filed this lawsuit for breach of contract (and, alternatively, quantum meruit) against Warrior seeking the recovery of funds it alleges Warrior owes on both the Fort Bliss and the Fort Sam Houston Projects under five separate Purchase Agreements. Copies of the Purchase Agreements are attached as Exhibits A – E.

8. CMH also asserted Miller Act claims in the lawsuit against Hensel Phelps and Travelers based on a payment bond issued by Travelers, as surety, and Hensel Phelps, as principal to the Army for the benefit of unpaid subcontractors and suppliers on the Fort Sam Houston Project. The liability under the Miller Act, if any, of Hensel Phelps and Travelers as surety and principal on the payment bond cannot be determined unless and until CMH proves its entitlement to damages based on Warrior's liability to CMH under the Purchase Agreements.

9. Arbitration is the proper forum for CMH's claims against Warrior under the Purchase Agreements (upon which CMH's claims against Hensel Phelps and Travelers rely). CMH's Purchase Agreements with Warrior each contain mandatory arbitration clauses that requires CMH to submit its disputes with Warrior to arbitration as follows:

> Any dispute between WARRIOR GROUP and Vendor not arising from or relating to the acts or omissions of the Owner shall be resolved through arbitration in the locality where the project is located with the American Arbitration Association under the Construction Industry Rules and shall be governed by the laws of the state of Texas. *See* Exhibits A – E at Paragraph 18.

10. When a party seeking to compel arbitration proves that the parties entered into a valid arbitration agreement, and the claim at issue falls within the scope of the agreement, a court should compel arbitration. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002); *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995).

11. CMH claims are arbitrable and not subject to any legal constraint that renders them nonarbitrable. *Guyden v. Aetna, Inc.*, 544 F.3d 376, 382 (2d Cir. 2008); *Walton v. Rose Mobile Homes LLC*, 298 F.3d 470, 473 (5th Cir. 2002); *see Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985). There is no federal statute or policy that renders these claims nonarbitrable.

12. This Court should compel arbitration of CMH's claims against Warrior because CMH agreed to arbitrate those disputes in its Purchase Agreements with Warrior. The remaining claims involved in the suit—against Defendants Hensel Phelps and Travelers under the Miller Act—depend upon the outcome of the arbitration of CMH's underlying claims against Warrior.

## **MOTION TO STAY PROCEEDINGS**

13. Both the Texas Arbitration Act and the Federal Arbitration Act allow this Court to grant a stay pending arbitration.

14. The Texas General Arbitration Act states that "the court shall stay a proceeding that involves an issue subject to arbitration if an order for arbitration or an application for that order is made under this subchapter." Tex. Civ. Prac. & Rem. Code § 171.025.

15. The Federal Arbitration Act states that any issue subject to a valid arbitration agreement shall, upon application of one of the parties, "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Arbitration is strongly favored by both federal and Texas law. Federal law favors arbitration

wherever possible.  *Triad Elec. & Controls, Inc. v. Watkins Eng'Rs & Constructors, Inc.*, 2001 U.S. Dist. LEXIS 15513 (N.D. Tex. Sept. 14, 2001).

16.     The dispute between CMH and Warrior is referable to arbitration because the Defendants' liability is contingent on the interpretation of Warrior's obligations to CMH under the Purchase Agreements (and that of CMH's obligations to Warrior), and the Purchase Agreements require arbitration of disputes.

17.     The Fifth Circuit has held that "proceedings against parties and non-parties to the arbitration agreement are stayed pending the outcome of arbitration, when the action against the non-party is dependent upon interpretation of the underlying contract." *Triad Elec. & Controls, Inc. v. Watkins Eng'Rs & Constructors, Inc.*, 2001 U.S. Dist. LEXIS 15513 (N.D. Tex. Sept. 14, 2001) (citing *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 526 (5th Cir. 2000).

18.     It is further well established that a surety's liability under a payment bond is limited to that of its principal.  *See, e.g.*, *American Cas. Co. v. Arrow Road Constr. Co.*, 309 F.2d 923, 925 (9th Cir. 1962) (surety only liable to extent general contractor is liable).  "Federal courts routinely stay Miller Act lawsuits pending arbitration to determine the contractor's liability." *U.S. v. Sundt Const., Inc.*, 2007 WL 1655976, at *3 (D. Ariz. June 7, 2007).  In this case, it is Warrior's liability to CMH at issue, which will then determine the liability of either Hensel, as principal, or Travelers, as surety.

19.     *United States ex rel. Western Indus. v. Western Surety Co.* involved a suit by a subcontractor against a contractor for breach of contract and on quantum meruit grounds.  The subcontractor filed suit in federal court against the contractor and its surety (under the Miller Act) and declined to join in a draft stipulation to stay the Miller Act litigation pending completion of contractually-mandated arbitration proceedings between the subcontractor and

contractor on the underlying issues of the case. The court found that the underlying issue in the case was subject to a valid arbitration clause and stayed the proceedings—including the Miller Act claims and the state law claims subject to the court's supplemental jurisdiction. *Id.*

20. The court further observed that "[w]hen a general contractor requests a stay of a Miller Act action by a subcontractor against both the general contractor and the surety, '[t]here can be no question that, under the language of [9 U.S.C. § 3], defendants were entitled to the stay asked.'" *United States ex rel. MPA Construction, Inc. v. XL Specialty Insurance Co.*, 349 F. Supp. 2d 934, 940 (D. Md. 2004) (quoting *Agostini Bros. Bldg. Corp. v. United States*, 142 F.2d 854, 855 (4th Cir. 1944)).

21. Inasmuch as Defendants' liability, if any, will be determined substantially by any award in the proposed arbitration, this action should be stayed in the interests of judicial economy and consistency pending the conclusion of the proposed arbitration. Allowing a subcontractor to proceed with a Miller Act claim against a surety concurrently with a proceeding in arbitration on a related claim between the subcontractor and a contractor may result in inconsistent results and a high risk of prejudice to the defendant. *See United States ex rel. Western Indus. v. Western Surety Co.*, 2010 U.S. Dist. LEXIS 88532 (D. Alaska Aug. 25, 2010). For the reasons stated above, the claim is referable to arbitration.

22. Warrior is not in default by going forward with arbitration because Warrior was diligent in asserting its request for arbitration.

23. Warrior does not seek this Motion for reasons of delay. Warrior seeks this Motion so that it may immediately arbitrate the dispute with CMH to determine the following fundamental and underlying question of Defendants' liability to CMH: whether Warrior has any liability to CMH for the claims CMH brings before this Court under the Miller Act. This

question of liability arises entirely and solely out of the Purchase Agreements between Warrior and CMH, and those Purchase Agreements mandate arbitration.

## **CONCLUSION**

24.	Plaintiff has brought suit on two claims arising from Purchase Agreements with Defendant Warrior that are subject to arbitration.  Plaintiff's claim under the Miller Act against remaining Defendants is dependent upon resolution of these underlying claims against Warrior that are referable to arbitration.  There are no legal constraints rendering these claims nonarbitrable.  For these reasons, Defendants ask the Court to grant the motion to compel arbitration and to stay the lawsuit pending resolution of the arbitration proceeding.

 DATED this 23th day of April 2012.

Respectfully submitted,

/s/ Anthony D. Whitley
State Bar No. 24043990
adwhitley@fordnassen.com
Timothy D. Matheny
State Bar No. 24000258
tdmatheny@fordnassen.com
FORD NASSEN & BALDWIN P.C.
One Riverway Suite 2070
Houston, TX 77056
Telephone:  (713) 461-3324
Facsimile:  (713) 961-3555

ATTORNEYS FOR DEFENDANTS
THE WARRIOR GROUP, INC., HENSEL
PHELPS CONSTRUCTION CO. and
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by facsimile transmission on the 23th day of April 2012 on all counsel or parties of record listed below.

Thomas J. Walthall Jr.
GARDNER LAW
745 E. Mulberry Suite 500
San Antonio, TX 78212-3149
(210) 733-5538



/s/ Anthony D. Whitley