IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CMH MANUFACTURING, INC., d/b/a CLAYTON HOMES, § § § *Plaintiff,* § § v. § § THE WARRIOR GROUP, et. al., § *Defendants*. § § | Civil Action No.  SA-12-CV-195-XR |

### ORDER

On this date, the Court considered Plaintiff CMH Manufacturing Inc.'s ("CMH") motion to compel arbitration of its Miller Act claim against Defendants. Doc. No. 28.  After careful consideration, the motion is GRANTED.

### BACKGROUND

In 2006, Defendant Hensel Phelps entered into a contract with the United States Army Corps of Engineers (the "Army") to design and construct modular military housing at Fort Bliss, Texas.  Hensel Phelps subcontracted many of its requirements to third parties.  This case arises out of the subcontract that Hensel Phelps awarded to the Warrior Group (collectively, the "Hensel-Warrior Agreements").  In turn, Warrior subcontracted with Fleetwood Homes of Texas, L.P. (collectively, the "Warrior-Fleetwood Agreements").   As a part of those contracts, Fleetwood, which was later purchased by CMH, agreed to manufacture, assemble, and furnish the modular housing units for the Fort Bliss project.

On January 1, 2011, the fire sprinkler pipes in five of the modular buildings manufactured by Fleetwood allegedly burst, causing significant damage to the housing units. The Army demanded that Hensel Phelps make repairs. Hensel Phelps passed this demand down to Warrior, who in turn passed it down to CMH as Fleetwood's successor. Warrior then allegedly withheld payment to CMH until the repairs were made.

On March 1, 2012, CMH filed suit in this Court against Warrior, Hensel Phillips, and Travelers Surety Company of America to collect on the unpaid balance. Doc. No. 1. Specifically, CMH sued under a breach of contract theory as well as for violations of the Miller Act. *Id.* Defendants moved to compel arbitration on the contract claims. Doc. No 10. On June 22, 2012, this Court granted Defendants' motion and stayed the case. Doc. No. 18.

On December 28, 2012, CMH filed a second lawsuit in this Court against Hensel Phelps alleging that it negligently designed the sprinkler system that CMH was required by contract to install. *See CMH Mfg., Inc. v. Hensel Phelps Const. Co.,* SA-12-CV-1223-XR (hereinafter "*CMH II*"). On September 13, 2013, CMH filed a motion to compel arbitration on the negligent design claim that it had asserted in *CMH II*. On March 5, 2014, this Court ordered the parties in *CMH II* to arbitrate. *See CMH II*, 2014 WL 897341 (W.D. Tex. Mar. 5, 2014). That arbitration proceeding is ongoing.

Pivoting to the original lawsuit, on June 26, 2014, CMH filed this motion to compel arbitration of its Miller Act claim. Doc. No. 28.

## DISCUSSION

A motion to compel arbitration requires the Court to assess whether the parties agreed to arbitrate the dispute in question. "This determination involves two considerations: (1)

whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Tittle v. Enron Corp.*, 463 F.3d 410, 418-19 (5th Cir. 2006) (quoting *Webb v. Investacorp*, 89 F.3d 252, 258 (5th Cir. 1996)). In addition, a court must ensure that there are no external legal barriers to enforcing an arbitration clause. *Id.*

As an initial matter, this Court has already found in *CMH II* that Plaintiff is entitled to enforce the arbitration clause contained in the Warrior-Fleetwood Agreements against these Defendants. Defendants did not respond to this motion and it unclear whether they are opposed. However, even if they were opposed, the Court agrees with Plaintiff that the doctrine of collateral estoppel would preclude re-litigation of the existence of a valid agreement to arbitrate. Collateral estoppel applies when three element are met: "(1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a necessary part of the judgment in that earlier action." *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1290 (5th Cir. 1995) (citing *Sheerin v. Davis*, 3 F.3d 113, 114 (5th Cir. 1993)). The issue presented here is CMH's entitlement to enforce the arbitration clause contained in the Warrior-Fleetwood Agreements. This was also the sole issue presented when this Court addressed Plaintiff's motion to compel arbitration in *CMH II*. Thus, collateral estoppel applies to bar any re-litigation of this Court's prior judgment that Plaintiff is entitled to enforce the Warrior-Fleetwood arbitration clauses. *See CMH II*, 2014 WL 897341 at *2-4.

Next, the Court must consider whether CMH's Miller Act claim falls within the scope of the arbitration agreement. Under federal law, "any doubts concerning the scope of

arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). The arbitration clause provides that "[a]ny dispute between Warrior and Vendor (CMH) not arising from or relating to the acts or omissions of the Owner (Army) shall be resolved through arbitration." Doc. No. 28, Ex. 3. Inasmuch as the Miller Act claim does not relate to any U.S. Army act or omission, it appears that this claim is subject to the arbitration agreement. Finally, there are no independent legal impediments to arbitrating this claim.

## CONCLUSION

In light of the foregoing analysis, the parties are ORDERD to arbitrate CMH's Miller Act claim. The stay is hereby REINSTATED and the case ADMINISTRATVIELY CLOSED. The parties are reminded of their continuing obligation to provide status updates every six months on the arbitration proceeding.

SIGNED this 10th day of July, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE